Vincent MOSBY, Petitioner–Appellant,

v.

Jose SOLIS, Warden, Respondent–Appellee.

No. 06–55293.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2007.

Filed July 05, 2007.

Michael Satris, Esq., Bolinas, CA, Amy F. Morton, Esq., Morton & Russo, Vallejo, CA, for Petitioner–Appellant.

James Conrad Schroeder, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: FRIEDMAN,* KOZINSKI, and GOULD, Circuit Judges.

## MEMORANDUM **

Petitioner–Appellant Vincent Mosby appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254, and we affirm.

In *Irons v. Carey,* we recognized under California law that the California Board of Parole Hearing's ("the Board") inquiry under California Penal Code § 3041 primarily turns on a discretionary consideration of a petitioner's unsuitability for parole as a public safety risk. *See* 479 F.3d 658, 662 (9th Cir.2007) ("Although the Board must 'normally set a parole release date' before the minimum term has been served, an inmate 'shall be found unsuitable for parole and denied parole if, in the judgment of the [Board,] the prisoner will pose an unreasonable risk of danger to society if released from prison.'" (quoting *In re Dannenberg,* 34 Cal.4th 1061, 1078, 1080, 23 Cal.Rptr.3d 417, 104 P.3d 783 (2005) (alteration in original))). In tacit rejection of Mosby's purported presumption in favor of setting a parole release date at one's first parole hearing, we further recognized that the Board's unsuitability finding under § 3401(b) "'must *precede* any effort to

---

* The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

set a parole release date'" under 3041(a). *See id.* at 662 n. 3 (quoting *Dannenberg,* 34 Cal.4th at 1079–80, 23 Cal.Rptr.3d 417, 104 P.3d 783) (emphasis added). Mosby disagrees with *Dannenberg's* interpretation of § 3401, but that is a question of state law that we will not review here. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Langford v. Day,* 110 F.3d 1380, 1389 (9th Cir.1997) (A federal habeas petitioner "may not ... transform a state-law issue into a federal one merely by asserting a violation of due process. We accept a state court's interpretation of state law, ... and alleged errors in the application of state law are not cognizable in federal habeas corpus." (internal citation omitted)).

■ Other than the alleged statistical denial rate and Mosby's suggested inference of a blanket policy, Mosby has presented no evidence to the district court that the Board in fact automatically rejected petitioners like Mosby, at the time of his 2002 petition, based solely on "political deliberation." [1] Because there is no evidence of a blanket policy, the Board's decision to deny Mosby's petition is not constitutionally infirm if it is supported by "some evidence." *See Superintendent v. Hill,* 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Irons,* 479 F.3d at

664–65; *Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1128–29 (9th Cir.2006).

■ Here, under 28 U.S.C. § 2254(d), it was a reasonable application of the *Hill* standard for the Court of Appeal of California to conclude that the Board did not abuse its discretion in making the unsuitability finding based on the "especially cruel and callous" nature of the offense, *see* Cal. Code Regs., tit. 15, § 2402(c)(1), in light of Mosby's cruel and calculated decision to "cap a Mexican" over a trivial argument. *See Irons,* 479 F.3d at 664–65 (applying "some evidence" standard to deny petition based on "especially cruel and callous" nature of the offense where petitioner had yet to complete minimum term). Likewise, the California appeals court did not unreasonably apply the *Hill* standard in declining to invalidate the Board's denial based on a supported finding that Mosby's escalating pattern of criminal activity, the destabilizing effect of prior drug abuse, and a failure to upgrade educationally or vocationally, *see* Cal.Code Regs., tit. 15, § 2402(d), outweighed any positive factors identified by the Board. While Mosby asks us to reevaluate this evidence with respect to his potential public safety risk, we are not authorized to re-balance the evidence that was before the Board on appellate review. *See Hill,* 472 U.S. at 455–56, 105 S.Ct. 2768. Because some evidence supported the Board's finding of unsuitability for parole, the decision of the

---

1. We review the district court's ruling on Mosby's Motion for Evidentiary Hearing And Expansion of the Record for an abuse of discretion. *See United States v. Shryock,* 342 F.3d 948, 983 (9th Cir.2003), *cert. denied,* 541 U.S. 965, 124 S.Ct. 1729, 124 S.Ct. 1736, 158 L.Ed.2d 411 (2004). The district court did not abuse its discretion in denying Mosby's motion because Mosby was not diligent in developing the record with available documentation in his state court post-conviction proceedings. *See* 28 U.S.C. § 2254(e)(2)(A)(ii) (limiting availability of evi-

dentiary hearing unless "a factual predicate ... could not have been previously discovered through the exercise of due diligence"); *see also Williams v. Taylor,* 529 U.S. 420, 435, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000) (requiring under § 2254(e)(2) that petitioner "undertake his own diligent search for evidence"); *Griffin v. Johnson,* 350 F.3d 956, 966 (9th Cir.2003) (holding petitioner is not entitled to evidentiary hearing where petitioner had access to documentation but failed to present it in state proceedings).

Board cannot be overturned pursuant to Mosby's federal habeas petition.

**AFFIRMED.**